CHANCE et al. v. GULDEN.

(Circuit Court of Appeals, Third Circuit. November 25, 1908.)

No. 51.

TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT.

The use of the name "Don Cæsar," in connection with the sale of defendants' olives, was not an infringement of complainant's trade-mark, "Don Carlos," used in the same trade.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 71; Dec. Dig. § 59.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 163 Fed. 447.

Frank P. Prichard, for appellants.

Timothy D. Mervine, for appellee.

Before GRAY, Circuit Judge, and BRADFORD and LANNING, District Judges.

GRAY, Circuit Judge. This is an appeal by the defendants below from an interlocutory decree granting a preliminary injunction, in a suit wherein the appellee was complainant, which restrained the defendants from using the words "Don Cæsar" in connection with olives sold and packed by defendants, and adjudged that the same was an infringement of complainant's trade-mark, consisting of the words "Don Carlos." Both the appellee (hereinafter called the complainant) and the appellants (hereinafter called the defendants) were wholesale packers of olives, which were imported in bulk and packed by them in bottles for sale to the trade. Both houses had been in business for more than a generation, the complainant in New York City and the defendants in the city of Philadelphia.

In the court below, answer had been filed by the defendants to the bill of complaint. Replication thereto was filed by the complainant, and testimony taken and closed in his behalf before an examiner. Shortly after the close of complainant's testimony, and before any testimony had been taken on behalf of the defendants, a motion was made by complainant for a preliminary injunction, upon the evidence taken before the examiner and the affidavit of the complainant. Affidavits were filed on behalf of the defendants and, after hearing, the preliminary injunction moved for was granted by the court below, restraining the defendants—

"from using the name 'Don Cæsar,' or any equivalent thereof, upon or in connection with, or as a designation of, olives packed and sold, or offered for sale, by defendants, and from putting up, packing, offering for sale or selling olives in glass bottles, or other packages, or otherwise, with the name 'Don Cæsar,' or any equivalent thereof, attached or fixed thereto or in connection therewith, as a designation or identification thereof."

This is clearly an injunction against the use of a common-law or technical trade-mark, and is entirely dissociated from any assimilations

or colorable imitations of the complainant's label upon which the trademark is placed. In the opinion of the court below, the use of the trademark "Don Cæsar" was a clear infringement of the trade-mark "Don Carlos," used by complainant. So that, whether the name "Don Cæsar" was used on a label in colorable imitation of complainant's, or upon any label, or in any way affixed to any bottle, keg, box or package, it was held to have infringed the property right of the complainant to his trade-mark "Don Carlos," even though there were no fraudulent attempt to imitate or otherwise appropriate the same. Indeed the decree, by its express language, precludes, as the opinion of the court disavows, any idea or suggestion of unfair competition by reason of the size, color, or general appearance of any label on which the name "Don Cæsar" appears. It is a bald injunction against the use by the defendants of the name "Don Cæsar," by whatever devices accompanied or however affixed to any package of olives packed by them. All question of unfair competition, therefore, is eliminated from consideration in this appeal, the sole question being whether the use of the words "Don Cæsar," however placed, upon any package of defendants' olives was an infringement of the property right of complainant in his trade mark of "Don Carlos." This property right related to the words "Don Carlos" alone, unaccompanied by any label, device, figure or coloring. As stated by the complainant in his application for registration under the act of Congress, the trade-mark "consists of the words 'Don Carlos.'"

The court below has distinctly said that the facts are not enough to make out a charge of unfair competition, and its decree rests solely upon similarity of the historical name used by defendants to that used by the complainant, irrespective of any question as to the intent of the defendants and of any evidence in regard thereto. As was said by counsel for defendants, defendants might on the same grounds be restrained from using the words "General Sheridan" on their packages, because complainant had previously used the words "General Sherman," even though defendants had never known of such prior use and were guiltless of any fraudulent intent. We think the preliminary injunction in this case was improvidently granted, and that in the absence of fraud, there was nothing in the use of the words "Don Cæsar" alone, by defendants, that was in derogation of any property right of the complainant in the words "Don Carlos" as a trade-mark. If there were any fraud or unfair competition on the part of the defendants, in the manner of using the words "Don Cæsar" on their packages of olives, as alleged by complainant in his bill, the court will have an opportunity to deal with that charge at the final hearing, upon the testimony adduced by the complainant and upon that which may hereafter be adduced by the defendants relevant thereto.

We think the decree of the court below, granting a preliminary injunction, should be reversed, and it is so ordered.