## CALIFORNIA PACKING CORPORATION v. SANTA ANA PRESERVING CO.

(Court of Appeals of District of Columbia.   Submitted November 13, 1923. Decided January 7, 1924.)

No. 1577.

1. Trade-marks and trade-names and unfair competition ⬅➡43—Mark "Del Sur" not deceptively similar to mark "Del Monte."

The use of the words "Del Sur" as a trade-mark on jellies, preserves, and canned fruit *held* not likely to produce confusion in the minds of prospective purchasers with the trade-mark "Del Monte" on goods having the same descriptive properties.

2. Trade-marks and trade-names and unfair competition ⬅➡43—Mark indicating intent to appropriate part of rival's good will disfavored.

The courts look with disfavor on any mark indicating that the last comer is bent on appropriating a part of his business rival's good will.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Assistant Commissioner of Patents.

Application by the Santa Ana Preserving Company for registration of a trade-mark, opposed by the California Packing Corporation. From a decision dismissing the opposition, opposer appeals. Affirmed.

Archibald Cox, of New York City, and W. G. Henderson, of Washington, D. C., for appellant.

Arthur E. Wallace, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. The question here concerns the right of Santa Ana Preserving Company to have registered as a trade-mark, for use on jellied fruits, fruit jelly, fruit preserves, and canned fruit, the words "Del Sur," inclosed within a border of somewhat irregular, but symmetrical, outline. Opposition was interposed by California Packing Corporation on the footing that it was the owner of "Del Monte," a mark applied by it to goods of the same character as those of the applicant, long before the latter had adopted its mark. The Examiner of Interferences found there was no similarity between the marks and dismissed the opposition. This action was affirmed by the Assistant Commissioner on appeal, and the opposer brings the case here asking us to reverse him.

It is conceded that the opposer adopted and applied its mark first, and, of course, that the goods of the parties have the same descriptive properties. This leaves but one question for determination, viz.: Are the marks so similar that, if both were used in commerce, they would be likely to produce confusion in the minds of prospective purchasers. The marks neither sound alike nor look alike. One familiar with the mark "Del Sur" would not be likely to confuse it with the other mark, and purchase goods bearing it on the assumption that, because they did bear it, they originated with the opposer. To be sure, both marks commence with the Spanish word "Del," meaning "of the," but we must consider each mark as a whole, and, when we do, the marks are not sufficiently similar to deceive either the eye or the ear. It has been ruled that "Don Cæsar" was not an infringement of "Don Carlos" (Chance v. Gulden, 165 Fed. 624, 92 C. C. A. 58), and that "Union World" did not infringe "Union Leader" (American Tobacco Co. v. Globe Tobacco Co. [C. C.] 193 Fed. 1015); yet in each mark the first word, as here, was the same.

While the outlines of the marks before us have something in common, this is not sufficient to justify the conclusion that they are deceptively similar.

[2] The courts look with disfavor upon any mark which indicates that its owner, being the last comer, is bent upon appropriating a part of his business rival's good will, but we are convinced that applicant's mark would not serve such a purpose, and therefore affirm the Commissioner.

Affirmed.