**STANDARD OIL CO. (NEW JERSEY) v. EPLEY (two cases).**

Patent Appeals Nos. 2355, 2356.

Court of Customs and Patent Appeals.

May 28, 1930.

Edward S. Rogers, of New York City, and Thomas L. Mead, Jr., of Washington, D. C. (Browne & Phelps, of Washington, D. C., of counsel), for appellant.

Charles L. Sturtevant, of Washington, D. C. (Sturtevant, Mason & Porter, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The above-numbered cases, without being formally consolidated, were briefed together and heard together. The issue is identical in both cases, and they may be disposed of in a single opinion.

The controversy grows out of the application by appellee for registration in the United States Patent Office of the coined word "EPCO" as a trade-mark for use on gasoline and oils. In one instance the drawing shows the word affixed upon the side of a pictorial representation of an automobile and in the other on the under side of the wings of an airplane.

Appellant opposes the registrations, alleging ownership, prior use and registration of the word "ESSO" applied to identical merchandise.

The Examiner of Interferences sustained the opposition and denied the registration. Upon appeal, the Commissioner reversed the decision of the Examiner, and the matter was then appealed here.

One question involved in the case relates to a matter of practice in the Patent Office. It appears that at the hearing of the appeal to the Commissioner applicant sought to introduce as evidence registrations to various

998

other parties covering "ARCO," "EMCO," "ELCO," "ESCO," "APCO," and "ACCO." Appellant opposed this on the ground that under the rules of procedure matter may not be added to a record after decision by the trial court and presented for the first time to the appellate tribunal.

The Assistant Commissioner said:

"The opposer's contention that the applicant may not at this stage of the proceeding introduce into the record, as a matter of right, evidence bearing upon the question at issue, is certainly sound and sustainable. But this does not preclude an appellate tribunal from taking judicial notice of its own records when in its opinion such course appears to be justified.

"I am of the opinion that in order to determine the character and measure of the trade-mark rights of the respective parties, it is necessary in this case to consider the registrations to which reference is herein made."

In the final decision upon the merits, the Assistant Commissioner, having admitted the registration referred to, or having held that he would take judicial notice of them as records of the Patent Office, reversed the Examiner's decision, resting his conclusion largely upon the belief that confusion would not result because of the number of other marks consisting of the initials of companies as a prefix to the suffix "CO."

Appellant has assigned as error the admission and consideration of these marks by the Assistant Commissioner.

Under the facts of this case, we are of the opinion that in admitting and considering these registrations presented for the first time upon the hearing of the appeal the Assistant Commissioner did fall into error. Under the rules of the Patent Office the parties to a trade-mark opposition case are entitled to have the complete record upon which the issue is determined presented to the Examiner, and there should not be included on appeal matter not included before the trial tribunal.

The practice in ex parte patent cases is different from that in contested trade-mark cases. But even in the former, if the appellate tribunal rejects an application upon a reference not cited by the Examiner, the office rules require the return of the case to the Examiner, unless the applicant waives the procedure and agrees to a hearing before the Board.

Paragraph (e) of the Patent Office Rule 154 reads: "Upon notice given to the opposite party *before the closing* of the testimony, any official record * * * if competent evidence and pertinent to the issue, may be used as evidence at the hearing." (Italics ours.)

Rule 159 reads in part: "Evidence touching the matter at issue will not be considered on the hearing which shall not have been taken and filed in compliance with these rules."

No notice was given by appellee of any desire or purpose to introduce the registrations referred to while the matter was pending for trial before the Examiner, and they were not in the case until the hearing upon appeal. Opposer was entitled to have them presented under the rule, if they were to be presented and considered at all. The fact that they were official records of the office itself ought not to render them available for the purpose for which they were used, except when offered as the rules provide. Opposer may have desired to present proof that some or all of the marks had been abandoned or canceled, or that proceedings for cancellation had been entered, or that something had occurred which rendered them improper to be considered. While cancellation proceedings might have been a matter of record in the Patent Office, and available to inspection by the tribunals, obviously there could have been abandonment of use of which the office could not have had knowledge.

We hold that their admission and consideration in the manner presented was error.

Ordinarily under such a holding we would deem it proper to remand the case for retrial in the Patent Office, but, under the view which we take of it, in the light of the record, that does not seem to be necessary now.

We do not feel that the prior registrations may be relied upon by appellee to secure the registration of his proposed mark, if there be such a resemblance between the latter and that of opposer as to be likely to cause confusion.

In American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc. (Cust. & Pat. App.) 38 F.(2d) 696, 699, we said: "Appellee, however, is not injured by the registration of appellant's mark, and, while it may be that appellant is not the originator * * * neither is appellee."

Another case in point is that of MacEachen v. Tar Products Co. (Cust. & Pat. App.) 41 F.(2d) 295.

It is perfectly obvious that the words EPCO and ESSO have much resemblance. Each consists of four letters, of which the first and last are the same. When applied upon identical goods, it seems to us that confusion would be inevitable. We think the registration must be denied to appellee, and the decisions of the Commissioner are therefore reversed in both cases.

Reversed.

Claim 50 is illustrative. It reads: