## APEX ELECTRICAL MFG. CO. v. LANDERS, FRARY & CLARK.

### Patent Appeal No. 2358.

Court of Customs and Patent Appeals.
May 28, 1930.

100

BLAND, Associate Judge, dissenting.

Hadley F. Freeman, of Cleveland, Ohio (Smith & Freeman, of Cleveland, Ohio, of counsel), for appellant.

John P. Bartlett, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

On December 2, 1926, the appellee, Landers, Frary & Clark, a corporation, filed its application, serial No. 240,867, for the registration of the trade-mark "Roto-Verso," which it claims to have used continuously since October 5, 1926, as a trade-mark for laundry washing machines. The appellant filed opposition to such registration on February 24, 1927. Said opposition is based on ownership and use of the trade-mark "Rotarex," on clothes washing and wringing machines and ironing machines, for a period beginning long prior to October 5, 1926. Opposer's mark was registered in the Patent Office February 27, 1923, and is serial No. 164,962.

Testimony was taken by both parties and submitted with various exhibits. The Examiner of Interferences dismissed the opposition and ordered registration. This decision was affirmed by the Commissioner.

It is conceded the goods involved are identical. No actual confusion is shown by the record, and such testimony as was taken throws little or no light on the only question involved here, namely, Does the mark "Roto-Verso" so nearly resemble the registered trade-mark "Rotarex" "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers," as stated in section 5 of the Trade Mark Registration Act of February 20, 1905 (15 USCA § 85)?

We have been favored by counsel on both sides with elaborate briefs and the citation of many authorities. Much of the discussion centers about the use of the prefix "Rot" or "Rota" or "Rotar" in these marks. The Examiner of Interferences goes quite extensively into the proposition that these have become descriptive and have a certain meaning in the mind of the public, and are therefore common property which all may use. The Commissioner concurs in this view, and, finding that the suffixes "verso" and "ex" are not confusingly similar, dismisses the opposition.

We are prepared to agree with the decision of the Patent Office in dismissing this opposition, but not with all the reasons given therefor. In our opinion, there has been too much refinement of reasoning by both the Patent Office and counsel in some of these cases in the attempted dissection of words used as trade-names. The syllables "rot," "roto," and "rotar" are not words, either foreign or English, except as to the first, which has a meaning of decay, not at all associated with the subject-matter here. It is not justifiable practice to take some arbitrary trade-name, and pick out some group of letters or syllables, having in themselves no descriptive quality, and argue that, because these letters or syllables are a part of a descriptive word in common use, therefore the group of letters or syllables are themselves descriptive. The weight of authority, we believe, is to the effect that, in order to pick out some particular part of an arbitrary word, and designate it as descriptive, that particular part must be, in itself, descriptive of something. Such was the case in John T. Dyer Quarry Co. v. Schuylkill Stone Co. (C. C.) 185 F. 557, where the word "Trappe" was involved; The Best Foods v. Hemphill Packing Co. (D. C.) 5 F.(2d) 355, where the suffixes "coa," "co," and "ko" were held not to be, in themselves, descriptive; and Oakland Chemical Co. v. Bookman (C. C. A.) 22 F.(2d) 930, where the syllable "di," in connection with the word "dioxogen," was held to be descriptive because, in its common meaning, it meant "double."

In considering whether a trade-name will be confusing or not, consideration should be given to the whole word. We agree with the opinion expressed by Mr. Justice Robb of the Court of Appeals of the District of Co-

lumbia, in O. & W. Thum Co. v. Dickinson, 46 App. D. C. 306, 309, where he said:

"And when it becomes apparent that such an attempt has been made, the two marks should not be examined with a microscope to detect minute differences, but rather should be viewed as a whole, as the general public would view them. The points of similarity are more important than the points of difference."

To the same effect are Guggenheim v. Cantrell & Cochrane, 56 App. D. C. 100, 10 F.(2d) 895; Davies-Young Soap Co. v. Selig Co., 57 App. D. C. 12, 16 F.(2d) 352; and Garrett & Co. v. Schmidt et al. (D. C.) 256 F. 943, 946.

Considering, therefore, these two trade-names as a whole, we are of the opinion they are not so similar as to be likely to cause confusion within the meaning of the statute. The Examiner, in this case, seems to have become somewhat confused as to the effect of section 5 heretofore cited, and has stated that, although confusion may occur, this is not, in itself, enough to justify the opposition. It will be, of course, understood that the question in these cases is not whether injury or damages have occurred or will occur to the opposer, but whether it will "be likely" to cause confusion or mistake. Patton Paint Co. v. Orr's Zinc White, 48 App. D. C. 221; Waltke v. Schafer (App. D. C.) 263 F. 650; Lever Bros. v. Armour, 58 App. D. C. 20, 24 F.(2d) 285; Steppacher v. Karr (D. C.) 236 F. 151.

We are of opinion, from a consideration of the two trade-names involved, that confusion is not likely to result. "Roto-Verso" and "Rotarex" are not so similar in their sound or appearance that, in our judgment, the ordinary public would be deceived. There is no more apparent similarity than there was in the words "Speedway" and "Speedex," which were held to be dissimilar in Ansco Photoproducts v. Eastman, 57 App. D. C. 246, 19 F.(2d) 720; "Del Sur" and "Del Monte" in California Packing Corp. v. Preserving Co., 54 App. D. C. 98, 295 F. 239; "Don Caesar" and "Don Carlos" in Chance v. Gulden (C. C. A.) 165 F. 624; "Sal-Vet" and "SalTone" in Feil Co. v. Robbins (C. C. A.) 220 F. 650; "Sanatol" and "San-Tox" in Sanatol Chem. Lab. v. DePree Chem. Co., 5 Trade Mark Rep. 461.

In our opinion, the opposition was properly dismissed, and the decision of the Commissioner is therefore affirmed.

Affirmed.

LENROOT, Associate Judge, concurs in the conclusion.

BLAND, Associate Judge, dissents.