## UNITED STATES GYPSUM CO. v. PLASTOID PRODUCTS, Inc.*

### Patent Appeal No. 2603.

Court of Customs and Patent Appeals.

Feb. 11, 1931.

Arthur A. Olson and A. Arnold Brand, both of Chicago, Ill., for appellant.

Albert J. Fihe, of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

*Appellant's petition for rehearing denied March 31, 1931.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences sustaining the opposition to the registration by appellant of the trade-mark "Rocklath" for use on plaster boards and plaster wall boards.

In its application, filed October 16, 1925, appellant alleged that it had used its trade-mark on its goods since June 1, 1925.

In its notice of opposition, filed December 22, 1925, appellee alleged that it had used the trade-mark "Locklath" on plaster boards and plaster wall boards since July 1, 1919; that the goods of the parties possessed the same descriptive properties and were sold to the same trade; that the marks were confusingly similar; and that appellee would be damaged by the registration of appellant's mark.

It was stipulated by the parties on the trial below that appellant had used its trade-mark on its goods since, but not earlier than, June, 1925. Accordingly, it was incumbent upon appellee to establish adoption and continuous use of the trade-mark "Locklath" on its goods prior to June, 1925.

Each of the tribunals of the Patent Office discussed the evidence somewhat in detail, and each held that appellee had used the trade-mark "Locklath" on its goods for many years prior to June, 1925; that the goods of the parties possessed the same descriptive properties; that appellant's mark "Rocklath" closely simulated appellee's mark "Locklath"; that the registration of appellant's mark would be likely to cause confusion or mistake in the mind of the public and deceive purchasers; and that appellant was not entitled to have its mark registered.

Although counsel for appellant has advanced in this court many reasons why, in his opinion, the decision of the commissioner should be reversed, his main contention is that, when appellee filed an application for registration of its mark "Locklath" on June 10, 1926, it forwarded with its application a label which had been used on samples, but not on goods sold in interstate commerce; and that appellee was guilty of a material false representation in the filing of its application, and therefore is not in a position to urge its opposition to the registration by appellant of its trade-mark.

This matter was presented on the hearing before the Examiner of Interferences, and

again on a motion for a rehearing. The same question was presented to the Commissioner of Patents on both the hearing and an application for a rehearing.

If the label filed with appellant's application was not precisely in the form of the trade-mark actually used by appellant, that fact does not clearly appear from the record. In any event, there is no indication from the evidence that appellee misrepresented or had any intention of misrepresenting the facts.

Counsel for appellant has cited, in support of his argument, several cases holding, in substance, that, in order to establish his right to protection in a trade-mark opposition proceeding, the opposer must come into court with clean hands.

In view of our conclusions hereinbefore stated, it is unnecessary to discuss these cases.

We are of opinion that appellee has established that it used its trade-mark "Locklath" continuously since long prior to the adoption and use by appellant of the mark "Rocklath"; that the goods of the parties possess the same descriptive properties; that the marks are confusingly similar; and that appellee would be damaged by the registration of appellant's alleged trade-mark.

Accordingly, the decision of the Commissioner of Patents is affirmed.

Affirmed.