### CELOTEX CO. v. MILLINGTON.
#### Patent Appeal No. 2770.

Court of Customs and Patent Appeals.
June 1, 1931.

Charles M. Thomas, of Washington, D. C., Samuel E. Darby, Jr., and John S. Bradley, both of New York City, and William E. Seaver, of Washington, D. C., for appellant.

Cushman, Bryant & Darby, of Washington, D. C. (Arlon V. Cushman, Arthur L. Bryant, and John J. Darby, all of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee filed an application on June 2, 1928, for the registration of the mark "Fir-Tex," to be used in connection with the sale of wood-fibre board. The appellant, the Celotex Company, filed opposition thereto, basing such opposition upon its use and ownership of the trade-mark "Celotex," used on goods of the same descriptive properties. The Examiner of Interferences dismissed the opposition and granted registration, and this decision was affirmed, on appeal, by the Commissioner of Patents of the United States Patent Office.

Neither party took testimony in this case, but the opposer, by stipulation, offered in evidence the record made in Opposition No. 8716, in the matter of Celotex Company v. Des Moines Saw Mill Co., etc.

The Commissioner of Patents held, and we think the testimony supports such holding, that the opposer began the manufacture of this material in 1921 or 1922, and ever since that time has been selling the same in largely increasing quantities; that for many years prior to the entrance of the applicant into the field, the opposer has been using the trade-mark "Celotex" in interstate commerce.

The Celotex Company procured the registration of its mark by certificate No. 187,-332, on July 29, 1924. It appears from the testimony and is fully set out in Celotex Company v. Chicago Panelstone Co. (Cust. & Pat. App.) 49 F.(2d) 1051, and Celotex Company v. Bronston Bros. et al. (Cust. & Pat. App.) 49 F.(2d) 1048, decided concurrently herewith, that the opposer has spent very large sums of money in advertising its aforesaid trade-mark and has built up a very large and profitable business in the goods bearing this trade-mark. The appellant is a newcomer in this field, so far as the record discloses.

The Commissioner of Patents, in deciding this matter, called attention to a number of trade-marks in which the syllable "tex" was used, and the use of which was prior to the use by the opposer of its mark "Celotex."

These various marks were marks which had been adopted, and in some cases registered in the Patent Office, used in connection with the sale of oil cloth, bricks, wall paper, gasoline, etc. From this circumstance, the commissioner concluded that the syllable "tex" had been used probably to such an extent as to preclude the opposer from any monopoly thereof, such as the commissioner felt would arise from sustaining such an opposition as the one before us here.

There is, in our opinion, but one question for determination here. The statute, section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85), which we have on many occasions quoted, provides, in substance, that a mark may not be registered which is identical with a registered or known trade-mark owned and in use by another, and which is appropriated to merchandise of the same descriptive properties, or which so nearly resembles a registered or known trademark appropriated to goods of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public. The only question for the tribunals of the Patent Office, and for this court, in this case, is the question as to whether the registration of the mark "Fir-Tex" will be likely to cause confusion in the minds of the public, and induce purchasers of wall board to mistake the product of the appellant for that of the opposer. If there is likely to be such confusion, then the mark ought not to be registered.

In determining this matter, the marks must be considered as a whole and not dissected. Apex Elec. Mfg. Co. v. Landers et al., 41 F.(2d) 99, 17 C. C. P. A. 1184; B. F. Goodrich Co. v. Hockmeyer et al., 40 F. (2d) 99, 17 C. C. P. A. 1068. The buyer will not stop to dissect the marks. If he is deceived, he will be deceived by the mark as a whole, and not by any particular part of it.

Nor is it of any importance whether the mark of the opposer be subject to legal attack or not. The appellee cannot defend itself by attempting to prove by other prior registrations that the opposer has no valid title to the mark which it uses. Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A. 842; Standard Oil Co. v. Epley, 40 F.(2d) 997, 17 C. C. P. A. 1224; American Fruit Growers v. Michigan Fruit Growers, 38 F.(2d) 696, 17 C. C. P. A. 906; MacEachen v. Tar Products Corp., 41 F.(2d) 295, 17 C. C. P. A. 1264.

We are convinced there would be confusion if the mark "Fir-Tex" were registered. This conclusion is in harmony with other decisions which we have made in similar cases. Celanese Corp. v. Vanity Fair Silk Mills, 47 F.(2d) 373, 18 C. C. P. A. ——; Baltimore Paint & Color Wks. v. Bennett Glass & Paint Co., 40 F.(2d) 1009, 17 C. C. P. A. 1269; United States Gypsum Co. v Plastoid Prod., 46 F.(2d) 580, 18 C. C. P. A. ——; Malone v. Horowitz, 41 F.(2d) 414, 17 C. C. P. A. 1252; Int. Postal Sup. Co. v. Pitney-Bowes, etc., 38 F.(2d) 692, 17 C. C. P. A. 911; Bookman v. Oakland Chem. Co., 40 F.(2d) 1006, 17 C. C. P. A. 1213; Int. Silver Co. v. American Silver Co., 37 F.(2d) 622, 17 C. C. P. A. 871.

The question of whether confusion would or would not exist is, after all, one which appeals to the judgment of the court which is called upon to decide that matter. This may account for the wide divergence of views which is found in the decisions of the courts in such matters. The ascertainment of whether confusion will or will not exist is far from being an exact science, and every case must be determined upon its own facts, under the principles of law frequently announced by this court.

We have had frequent occasion to remark that the federal trade-mark registration acts were framed with at least two purposes in mind: First, that one who had built up a good-will and established reputation in connection with the use of a trade-mark might be protected in the exclusive use thereof. Second, that the public might be protected against confusion. It is an unfortunate fact that when one has adopted some arbitrary trade-mark for his goods, and by patience and labor, or by superior salesmanship, or by the good quality of his goods, or by extensive and costly advertising, or by all of these, has established a profitable and valuable business, there are to be found many who flock to the feast, unbidden guests, and fatten themselves at the table which has been spread.

The argument is made that to sustain the opposition in this case is to give the appellant a monopoly of the use of the syllable "tex" in any combination of letters or syllables with which it might be used. We do not so hold. There may be, and doubtless are, many ways in which this syllable might be used in a trade-mark or trade-name where it would not conflict and be confusing with the mark of the appellant. In such cases, no legal objection could be made to its being so used.

The decision of the Commissioner of Patents is reversed, and an order will be entered sustaining the opposition.

Reversed.