**TRUSTEES FOR ARCH PRESERVER SHOE PATENTS v. JAMES McCREERY & CO.**

**Patent Appeal No. 2739.**

Court of Customs and Patent Appeals. June 1, 1931.

E. F. Murdock, of New York City (Charles R. Allen, of New York City, of counsel), for appellant.

Rudolph L. von Bernuth and James McKinley Rose, both of New York City (Morrell S. Lockhart, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents in a trade-mark registration opposition proceeding.

On September 20, 1927, appellee James McCreery & Co., filed an application in the

United States Patent Office for registration, under the Trade-Mark Registration Act of February 20, 1905 (15 USCA §§ 81–109), of the words "Foot Preserver" for use as a trade-mark on "boots and shoes of leather, canvas or fabric, or combinations thereof."

The proposed mark having been passed to publication and published in the official gazette, appellant, Trustees For Arch Preserver Shoe Patents, gave notice of intention to oppose the registration, stating:

"The grounds for Opposition are as follows:

"That the mark for which application for registration is made, so closely resembles the trade marks filed, and registered, in the United States Patent Office enumerated below:

"Charles H. Brown, Trade Mark Appln. Ser. No. 216,014, Filed June 19, 1925, Reg. March 6, 1928, No. 239,510.

"Berenice Brown, Trade Mark Reg. No. 113,556, Reg. Oct. 24, 1916;

"Berenice Brown, Trade Mark Reg. No. 161,351, Reg. Nov. 7, 1922;

"Berenice Brown, Trade Mark Reg. No. 161,352, Reg. Nov. 7, 1922;

"The above trade marks have been acquired by the present opponent as of record. The resemblance is so close as to produce confusion in the minds of the people, which would operate to the detriment of your opponent."

·The words of the marks relied upon by appellant are "Arch Preserver," applied also to boots and shoes. The two last registrations of appellant were under the act of 1920 (15 USCA §§ 85, 121–128); and concededly may not, as registrations, be relied upon as a basis for opposition in this case.

Proof was taken by appellant. On behalf of appellee a stipulation as to certain facts was filed.

The Examiner of Interferences rendered a decision in which he dismissed the notice of opposition for reasons hereinafter set forth and discussed, but held, independently of the opposition, that appellee had no right to register the mark because it was deemed to be merely descriptive. Appellee thereupon petitioned for a rehearing, which was granted with the statement that same "is essentially ex parte in its nature."

The decision upon the rehearing reaffirmed the former holding as to the descriptive character of appellee's proposed mark, "Foot Preserver," and again denied the registration.

Both parties thereupon appealed to the Commissioner of Patents, and the Commissioner rendered the decision here appealed from, in which he reversed both holdings of the Examiner of Interferences, and held that appellant-opposer was entitled to make the opposition, but that the mark was not descriptive, citing upon, the latter point In re Irving Drew Co., 54 App. D. C. 310, 297 F. 889; and further held that appellee was entitled to the registration, notwithstanding the opposition.

The appeal to this court was then taken.

In the course of the decision, the Commissioner says:

"* * * The applicant calls attention to more than one hundred registrations by others of trade-marks of like import and which consist of the word 'arch' or the word 'foot' combined with some qualifying word, such as Saver, D-Fend-R, Protector, Gard, Ease, and Eazer, which form a part of the marks 'Arch Saver,' 'Foot Saver,' 'Arch-D-Fend-R,' 'Arch Protector,' 'Foot Protector,' 'Arch Ease,' 'Foot Eazer,' and 'Foot Gard,' respectively. (See trade-marks listed in applicant's schedules ·A. and B.) Many of these trade-marks were registered before either of the parties to this proceeding entered the field. In view of the many trade-marks which have been registered comprising like combinations of words with like suggestive meanings, it is evident that neither of the parties to this proceeding is entitled to such broad protection of its mark as to exclude from registration the mark of the other party. The status of the existing marks is such that the public must exercise unusual care in discriminating between them in its endeavor to ascertain the source of ownership of the goods to which the respective marks are appropriated."

The rule which has been applied by us in quite a number of decisions rendered since the date of the decision of the Commissioner in the instant case is at variance with his foregoing reasoning.

In American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 17 C. C. P. A. 906, this court, speaking through Judge Hatfield, after reviewing a number of decisions of other courts, stated the rule which we think applicable. It is given in the first syllabus as follows:

"In an opposition proceeding, where the goods of the parties possess the same ·descriptive properties, applicant's right to registration depends upon whether his mark will

conflict with one previously adopted and used by opposer, and in the determination of this question prior registrations by others are not to be considered."

This doctrine we have reiterated and followed in numerous decisions. Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C. C. P. A. 842; California Packing Corporation v. Tillman & Bendel, Inc., 40 F. (2d) 108, 17 C. C. P. A. 1048; Standard Oil Co. v. Epley, 40 F.(2d) 997, 17 C. C. P. A. 1224; MacEachen v. Tar Products Corporation, 41 F.(2d) 295, 17 C. C. P. A. 1264.

We believe this rule embodies the correct principle of law to be applied relative to the right of registration, which is purely statutory.

We are not unmindful of the fact that, in proceedings in courts of equity relating to unfair competition and trade-mark infringement cases, the courts take cognizance of the situations created by numerous uses of resembling marks on similar characters of merchandise and, in adjusting the equities, give consideration to such situations. But registration is controlled solely by the statute. Section 5 of the Trade-Mark Registration Act of February 20, 1905 (15 USCA § 85), provides that marks " * * * which so nearly resemble a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered."

The fact that a proposed mark may simulate many marks does not lessen its resemblance to any one of these many, and, if it be similar to another, in the sense of the law, the fact that it is also similar to several does not render it registerable. One purpose of the Trade-Mark Registration Law being to aid legitimate interstate and foreign commerce, it seems to us that, both in letter and spirit, it requires a construction which will, to the fullest extent possible, prevent confusion, not add thereto. If by inadvertence, or acting under a mistaken construction of the statute, improper registrations have heretofore been granted, such errors are not remedied by supplementing them with still another error, and a mistake of yesterday should not constitute a precedent for the law of to-day and to-morrow.

There is presented in the instant case an issue which has not heretofore been before this court in an opposition proceeding. Appellee denies the right of appellant to appear as an opposer to appellee's registration upon the ground that appellant is not the owner of, and is not entitled to the exclusive use of, the words "Arch Preserver," by reason of the fact, particularly, that in appellant's registration certificate of October 24, 1916, there was a disclaimer of the words "Arch Preserver," the language of the certificate being, "No claim being made to the words 'Arch Preserver,' apart from the mark shown in the drawing."

The holding by the Examiner of Interferences upon this point was, in effect, that, inasmuch as "the notice of opposition shows that damage is predicated on the 'nature of the mark' * * * registration shall be refused only on the grounds specified in section 5" of the Trade-Mark Registration Act; that the only statutory ground for refusing registration, applicable under the notice, is the "confusion-in-trade" clause of said section; and that, in order to prevent the registration of "Foot Preserver" on account of "Arch Preserver," it must appear that the latter is a mark meeting the statutory requirement of being "owned and used by another."

He further held that, by reason of the disclaimer in appellant's registration above referred to, it was not the owner of "Arch Preserver," and, having no exclusive trademark rights in the words, is not in a position in this case to claim damage.

It appears from the record that appellant, or one Chas. H. Brown, who subsequently assigned the mark to appellant, did, on March 6, 1928, cause a mark containing the words "Arch Preserver" to be registered in the Patent Office without any disclaimer of the words; this registration, apparently, being based on an application filed June 19, 1925, and referred to in the notice of opposition as application Ser. No. 216,014. The number of the registration itself is 239,510. This registration was under the Act of February 20, 1905 (15 USCA §§ 81–109).

It is the contention of appellee that appellant may not rely upon the registration last noted (No. 239,510) to establish ownership of the words "Arch Preserver," because of its disclaimer in the original registration of October 24, 1916 (No. 113,556).

In support of this contention, appellee cites Holzapfel's Co. v. Rahtjen's Co., 183 U. S. 1, 12, 22 S. Ct. 6, 46 L. Ed. 49; Beckwith v. Commissioner of Patents, 252 U. S. 538, 545, 40 S. Ct. 414, 64 L. Ed. 705; L. P. Larson, Jr., Co. v. Lamont, Corliss & Co (C. C. A.) 257 F. 270, 272; and Warner-

Patterson Co. v. Malcomb, 39 F.(2d) 274, 17 C. C. P. A. 984. This contention is not seriously contested by appellant. We think it is correct.

The Warner-Patterson Case, supra, was an interference proceeding, and we there held, following the rule stated by the Supreme Court of the United States in the Beckwith Case, supra, that an applicant having once disclaimed a part of a mark in a registration application filed by him could not thereafter set up any exclusive right to the part so disclaimed. In that case we reversed the decision of the Commissioner of Patents, and expressed our disagreement with a former decision of his, therein cited, viz. Standard Water System Co. v. Tripure Water Systems Co., 124 Ms. Dec. 42, in so far as he held that a "disclaimer may not be urged, by subsequent users of the mark disclaimed, as an estoppel."

The Standard Water System Co. Case, as decided by the Commissioner, is cited by him in his decision of the instant case.

Under the rule stated in the Warner-Patterson Case, supra, it must therefore be held that appellant has not, by its 1925 registration, acquired any rights to oppose which it did not possess under its registration of October 24, 1916.

However, it must be borne in mind that the Warner-Patterson Case was an interference proceeding, whereas the instant case is one of opposition, and the law is well settled that the right to oppose a registration is not limited by the statute to one who possesses a registered mark. Section 6 of the Trade-Mark Registration Act of February 20, 1905 (15 USCA § 86), provides that:

"*Any* person who believes he would be damaged by the registration of a mark may oppose the same. * + * " (Italics ours.)

In Rose Nerenstone Bookman, etc., v. Oakland Chemical Co., 40 F.(2d) 1006, 17 C. C. P. A. 1213, following California Cyanide Co. v. American Cyanamid Co., 40 F. (2d) 1013, 17 C. C. P. A. 1146, we held, as stated in the syllabus of the last-mentioned case:

"It is not necessary that one claiming the use of a mark shall have that mark registered in order to oppose registration of another mark alleged to be unregistrable under the statute."

See, also, California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; and Model Brassiere Co., Inc.,

v. Bromley-Shepard Co., Inc., 49 F.(2d) 482, 18 C. C. P. A. ——.

We therefore agree with the Commissioner that appellant in the instant case, by reason of the use shown of "Arch Preserver," and without reference to whether "Arch Preserver" is or is not descriptive as used, has the right to oppose the registration sought, notwithstanding its disclaimer in the certificate of October 24, 1916.

The question then is whether there is such a resemblance between "Arch Preserver" and "Foot Preserver" as that confusion would likely result from their application to boots and shoes.

We are not in agreement with appellant's contention that the dominant feature of the mark used by it is the disclaimed word "Preserver," or that the mark should be construed largely by that commonly used English word. The issue must be treated by considering the words "Arch" and "Foot," taken in connection with "Preserver."

When applied to footwear, we cannot escape the conviction that confusion would likely result. "Arch," when so applied, carries with it a direct suggestion relating to a portion of the human foot. "Foot" is a term which embraces the arch. It is possible that there are terms relating to other parts of the foot which might not be confusing with "Arch," but, if the positions of the respective parties hereto were reversed, and one were seeking to register "Arch Preserver" over the opposition of a prior user of "Foot Preserver," we apprehend the registration would be denied upon the issue of confusion.

The evidence introduced by appellant in the effort to show actual confusion is not strongly impressive. In a proceeding in equity involving an issue of unfair competition inter partes, probably most of it, as presented, would be held inadmissible. Generally speaking, we think the usual rules relating to admissibility of evidence should be applied in these statutory proceedings. Where proofs are attempted, they should be made with regard to these rules. But a definite ruling here upon the testimony objected to, at the time of its taking, by counsel for appellee, is not necessary—indeed not proper, since there is no specific assignment of error upon that feature.

There is some evidence indicating actual confusion on the part of a newspaper in the preparation and issuance of advertising matter, when, intending to advertise "Foot Preserver" shoes, it caused the advertisement to

be inserted for "Arch Preserver" shoes, and then, in subsequently attempting to correct the error, made the advertisement read simply "Preserver" shoes.

Independent of the testimony, however, we have the words themselves before us to be considered in the light of the statute and of numerous decisions of this and other courts.

The first paragraph of section 5 of the Trade-Mark Registration Act reads (15 US CA § 85) in part:

"That no mark by which the goods of the owners of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark."

It is required, therefore, that a mark to be registerable shall have the quality of distinguishing the goods upon which it is applied by its owner from other goods of the same class. Obviously, "Foot Preserver," on account of its resemblance to "Arch Preserver," will not serve to distinguish the goods labelled "Foot Preserver" from those labelled "Arch Preserver," and is not, therefore, a mark, registration of which is proper under the statute.

We think the registration sought must be denied upon the ground of likelihood of confusion. This being our view, it is not necessary to discuss the question of descriptiveness.

For the reasons stated, the decision of the Commissioner is reversed and the registration denied.

The costs incident to records furnished in response to præcipe of appellee are adjudged against appellee.

Reversed.