Court of Customs and Patent Appeals.
Nov. 27, 1931.

Evarts, Choate, Sherman & Leon, of New York City (Maurice Leon, of New York City, of counsel), for appellant.

Howard S. Neiman, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents, sustaining the opposition of appellee and holding that appellant was not entitled to the registration of the mark "Chez Moi" for use on "pastes and powders for beautifying and perserving the teeth, skin and hair, and perfumery."

In its application for registration, filed November 14, 1927, appellant, E. Daltroff & Cie, alleged that it had registered its mark in France, on July 1, 1927, and had used it continuously thereafter.

In its notice of opposition, appellee alleged that it was the owner of the trade-mark "Chez Lui," duly registered in the United States Patent Office on September 11, 1923, on an application filed January 29, 1923, and has since continuously used it on "face powders, face creams, perfumes, toilet waters, rouges, hair tonics, hair oils, dentifrices, tooth powders, nail polishes, deodorizing preparations, and sachet powders"; that the goods of the respective parties possessed the same descriptive properties; that the marks were confusingly similar; and that the registration to appellant of the trade-mark "Chez Moi" would cause confusion in the mind of the public, and deceive purchasers.

In its answer, the Caron Corporation of New York, assignee of E. Daltroff & Cie and substituted for the latter company as applicant for the registration of the trade-mark "Chez Moi," alleged that the involved marks were not confusingly similar; that the suffix "Lui" means "his," whereas, the suffix "Moi" means "me"; that the prefix "Chez" is a common French word meaning, "at, in, or with," and that opposer was not entitled to its exclusive use, except as a part of the trade-mark "Chez Lui"; and that the mark "Chez Lui" has a strictly masculine meaning, whereas, the trade-mark "Chez Moi" is not so restricted, but may be used by either sex to express the idea "my home." It was also alleged that the prefix "Chez" was registered in the United States Patent Office, in conjunction with other words, for use on goods possessing the same descriptive properties as those of the involved parties.

No testimony was introduced. However, certain registrations of trade-marks incorporating the word "Chez" were introduced in evidence.

The tribunals below held that the goods of the parties possessed the same descriptive properties; that the marks were confusingly similar; and that appellant was not entitled to have its mark registered.

It is contended here by counsel for appellant that this court should take judicial notice of the fact that perfumes are sold, almost exclusively, for use by women; that the advertising of perfumes is generally directed to the attention of women; that, as the trade-mark "Chez Lui" has a meaning masculine in character, it would tend to con-

vey the "idea of a perfume reminding a woman of some man," and, accordingly, the two marks would be readily distinguishable by women; that the prefix "Chez" is incapable of exclusive appropriation as a trademark; and that, as the suffixes "Lui" and "Moi" are not identical in spelling and are pronounced differently, the tribunals below erred in holding that the trade-marks were confusingly similar. It is also argued by counsel for appellant that trade-mark registrations, incorporating the word "Chez," although registered subsequent to appellee's registration, show clearly that the registration of appellant's mark would not cause confusion in the minds of the public or deceive purchasers.

It is not claimed by appellant that it or its predecessor was the first to adopt and use a trade-mark with the prefix "Chez." Furthermore, it appears that the registrations offered in evidence, containing, in part, the word "Chez," were issued subsequent to the registration of appellee's trade-mark "Chez Lui."

The validity of appellee's trade-mark registration will not be considered by this court in a proceeding of this character. Furthermore, the question as to whether the involved marks are confusingly similar must be determined by considering them in their entirety, not by dissecting them, as argued by counsel for appellant. Celotex Co. v. Arthur Edward Millington, 49 F.(2d) 1053, 18 C. C. P. A. (Patents) 1484; Celotex Co. v. Bronston Bros & Co., Inc., 49 F.(2d) 1048, 18 C. C. P. A. (Patents) 1490, and cases cited.

It is true, as argued by counsel for appellant, that the involved marks are not identical in appearance, sound, or meaning. They differ slightly in each of those characteristics. However, the question before us is whether the marks are confusingly similar, not whether they are identical. Counsel for appellant has laid considerable stress upon the difference in meaning of the two marks. It is urged that "Chez Lui" has a strictly masculine meaning, "his home," whereas "Chez Moi," not so restricted, means "my home." From this, it is argued that the masculinity of the mark "Chez Lui" is sufficient to cause women, who, it is claimed, are practically the exclusive purchasers of perfumery, to distinguish between the two marks, and therefore confusion would not result.

Assuming that the bulk of perfume in the United States is purchased by women, it does not necessarily follow that they would be as discriminating as counsel for appellant has

argued. The marks, considered in their entirety, have a marked similarity, and, when used on goods possessing the same descriptive properties, would, in our opinion, be likely to cause confusion in the mind of the public.

We are in accord with the conclusion reached by the Commissioner of Patents, and his decision is affirmed.

Affirmed.