23 C.C.P.A.(Patents)

## PEPSODENT CO. v. COMFORT MFG. CO.
### Patent Appeal No. 3663.

Court of Customs and Patent Appeals.
June 8, 1936.

GARRETT, Associate Judge, dissenting.

Edward S. Rogers and William T. Woodson, both of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C. (James H. Rogers, of Chicago, Ill., and Browne & Phelps, of Washington, D. C., of counsel), for appellant.

Howard S. Neiman, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an opposition proceeding instituted in the United States Patent Office under the Trade-Mark Act of 1905, as amended (15 U.S.C.A. § 81 et seq.). The appellant, opposer, alleged in its notice of opposition that it and its predecessor, since May 6, 1915, have continuously used as a trade-mark for dentifrices the word "Pepsodent," and that it was the owner of the mark "Pepsodent" which was registered in the United States Patent Office on May 10, 1932; that the said registration covered dentifrices and antiseptics, and that since October 23, 1929, the opposer has continuously used the trade-mark "Pepsodent" on antiseptics.

The appellee, applicant, Comfort Manufacturing Company, in its answer to the notice of opposition, denied most of the allegations in the notice of opposition, including the statements therein contained that appellant had used its mark as alleged and that it was the owner thereof.

Appellant has here appealed from the decision of the Commissioner of Patents, which reversed the decision of the Examiner of Interferences, and dismissed appellant's opposition; the Examiner of Interferences having sustained the opposition.

In this court, the appellant states the sole issue in the case is whether or not the mark of the applicant "Pearledent" is confusingly similar to the appellant's mark "Pepsodent," when used upon identical goods—dentifrices.

Appellee has alleged use of its mark "Pearledent" on dentifrices since June 23, 1931, and has proven a use not earlier than September, 1931. Appellee's contentions here are: First, that the marks are not confusingly similar; second, that the rec-

ord shows more than 50 trade-marks for dentifrices which involve the suffix "dent," which means "tooth"; and that although both marks begin with "Pe" and are approximately the same size and quite similar in style of type, one having nine and the other ten letters, they are not similar because the syllables "Pepso" and "Pearle" are wholly different in appearance, sound and meaning; third, that by reason of the great number of so-called "dent" marks registered and used on dentifrices, purchasers of toothpaste are careful purchasers, and that confusion under these circumstances is not likely; fourth, that the term "Pepso" signifies pepsin (although no pepsin is used in "Pepsodent" toothpaste), and the term "Pearle" signifies whiteness and brilliancy, and that purchasers associating these characteristics with the articles would not be misled or confused as to their origin; and, fifth, that while opposer took the testimony of two witnesses, intimately associated with the Pepsodent Company, it has not proven, as was its duty, that it is the owner of the mark or that it used said mark on its goods prior to September, 1931, the date of appellee's earliest use of its mark.

As to the last contention, both tribunals found against appellee. The Commissioner commented on the somewhat uncertain character of opposer's testimony, but stated that "the attorney for the applicant company did not object to its insufficiency" during the taking of the testimony and that the same was received without objection and is uncontradicted and unimpeached, and pointed out that the testimony was given by the employee of the opposer company responsible for handling the trade-marks of the company. He stated that he was inclined to the view that the testimony should be given sufficient probative value to establish ownership.

We have carefully examined the record and we agree with the tribunals below that the record affords ample proof to show prima facie that appellant was the owner of the mark "Pepsodent," and used the same upon dentifrices in a trade-mark way prior to any date on which appellee claims to have used its mark. It would not be helpful to here quote and comment upon the various phases of the evidence which we think establish such use and ownership. It is sufficient to say that among the many different statements in

the testimony which tend to prove the said use and ownership is the admission of William Martin Lyon, secretary and treasurer of the Comfort Manufacturing Company, the appellee, that at the time his company adopted its mark, he was aware of the fact that a dentifrice was being sold under the trade-mark "Pepsodent," and that he had seen the cartons and tubes used by the Pepsodent Company bearing the term "Pepsodent," and was familiar with the general design of the "Pepsodent" trade-mark. Moreover, appellee brought out on cross-examination of appellant's witness Hoffman, certain advertising methods employed by the opposer Pepsodent Company since 1923. Furthermore, the record frequently makes reference to the opposer or the opposer's business in connection with the sale of "Pepsodent" from the date of taking the testimony back as far as 1917 and 1922, and on dates long prior to any time when appellee claims to have used its mark on similar goods. The record also shows that since August 19, 1929, the opposer, Pepsodent Company, has sponsored a radio program which program is called "Amos 'n' Andy."

Appellee in cross-examining appellant's witnesses emphasized the fact that the Pepsodent Company in its early advertisements represented its toothpaste as containing pepsin, a digestant of albumen, as a special film-removing toothpaste, and that later in its advertisements it stated that there was no longer pepsin in its toothpaste. This last line of testimony was evidently intended to show the meaning which appellant had given the term "Pepso." Appellee then argues from these facts that the meaning of the terms "Pearle" and "Pepso" are wholly different. If it is admitted, as we think it is, that the opposer in advertising its "Pepsodent" toothpaste was explaining the meaning of the term "Pepso" many years before appellee adopted its mark, it is not clear to us how appellee can deny that appellant has established a use of its mark prior to that of appellee.

 There is but one question left for decision: Are the marks confusingly similar when used upon identical goods?

Appellee stresses the fact that "Pearle" and "Pepso" differ in appearance, sound, and meaning and that the term "dent" formed a portion of at least fifty trademarks, registered prior to appellant's registration, for use upon dentifrices, and that, since appellant filed its notice of opposition, there have been sold on the market at least 45 different "dent" trademarked dentifrices. Appellee argues that appellant is not entitled to the sole use of the term "dent" or to prevent others from using it on the ground that confusion might result.

We have frequently said that an applicant for the registration of a trademark does not strengthen his own case by pointing out a confusing similarity between trade-marks registered in the Patent Office which are not involved in applicant's proceeding. It has always been the view of this court that an applicant's right to the registration of a mark, which implies the exclusive right to use the same, is not enlarged or changed by a consideration of confusingly similar trade-marks which have been registered in the Patent Office. Appellee's argument, in effect, amounts to a contention that since there is already confusion by reason of Patent Office registrations and extensive use of the term "dent" in many marks, it should have the right to further add to the existing confusion. We do not think the registration statute was intended to promote such a condition as appellee, in effect, argues for. See Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C.C.P.A.(Patents) 842; American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 17 C.C.P.A.(Patents) 906; Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., 49 F. (2d) 1068, 1070, 18 C.C.P.A.(Patents) 1507. On this phase of the case, however, we wish to repeat here what we said in the last-cited case:

"We are not unmindful of the fact that, in proceedings in courts of equity relating to unfair competition and trade-mark infringement cases, the courts take cognizance of the situations created by numerous uses of resembling marks on similar characters of merchandise and, in adjusting the equities, give consideration to such situations. But registration is controlled solely by the statute. Section 5 of the Trade-Mark Registration Act of February 20, 1905 (15 U.S.C.A. § 85), provides that marks:

" ' * * * which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive proper-

ties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered.'

"The fact that a proposed mark may simulate many marks does not lessen its resemblance to any one of these many, and, if it be similar to another, in the sense of the law, the fact that it is also similar to several does not render it registerable."

As we understand appellee's position, it is also to the effect that the registrations which it has placed in the record involving the term "dent" are properly in the record, and that they may be considered by this court on the question of whether or not, under such circumstances, confusion might result to purchasers as to the origin of appellee's "Pearledent" product. It is suggested that with so many "dent" marks in the field, one desiring to purchase "Pepsodent" would be put on his guard and if he was desirous of obtaining opposer's goods and not the "dent" goods of another, he would naturally exercise care and caution in making his purchases and, therefore, under such circumstances, confusion, such as the statute seeks to prevent, would not be likely.

■ While recognizing that the equity courts have made use of arguments somewhat similar, we know of no court decision involving an appeal from the action of the Patent Office relating to registration where consideration was given to this kind of testimony. While it seems to be plausible to argue that some purchasers of so-called "dent" toothpaste would be likely to use more caution in making their purchases than most purchasers of goods of similar price and everyday use, it is also obvious that this would not apply to new purchasers of toothpaste who know nothing about the different kinds of goods sold under marks which have the so-called "dent" characteristics. We think the statute was designed to prevent confusion to purchasers generally and not to one particular class of purchasers.

In Lambert Pharmacal Co. v. Bolton Chemical Corporation (D.C.) 219 F. 325, 326, the court spoke of "next year's" customers and used the following language: "There is always a fringe of possible customers, next year's for instance, with whom such opportunities are not to be disregarded, people who have heard vaguely the old name or seen it in advertisements and who fail to carry it with accuracy in their memory. Among these confusion is eminently possible, and that possibility, if not a remote speculation, is quite enough."

■ In determining the probability of confusion arising from the concurrent use of marks claimed to be confusingly similar, it has long been well established that the marks must be considered as a whole and not dissected as appellee seeks to do. Estate of P. D. Beckwith's Estate, Inc., v. Commissioner of Patents, 252 U.S. 538, 545, 40 S.Ct. 414, 64 L.Ed. 705; Celotex Co. v. Millington, 49 F.(2d) 1053, 18 C.C.P.A.(Patents) 1484; Apex Electrical Mfg. Co. v. Landers, Frary & Clark, 41 F.(2d) 99, 17 C.C.P.A.(Patents) 1184.

■■ We think the term "Pepsodent," as registered and used, bears a close resemblance, in sound and appearance, to appellee's mark. They are printed in substantially the same size and somewhat similar-shaped letters, one having nine letters and the other ten.

Like the goods in the case of Lever Bros. Co. v. Riodela Chemical Co., 41 F. (2d) 408, 410, 17 C.C.P.A.(Patents) 1272, toothpastes are "inexpensive and are consumed in their use." In that case we said that the goods there involved were "of common everyday use in the household. * * * Purchasers therefore would not be expected to exercise such degree of care in their purchase as would be exercised in more expensive and rarely purchased articles."

The marks being similar, and the goods being identical, we think that confusion to purchasers of goods upon which the two marks were concurrently used would be likely. Doubts, if any, should be resolved against the newcomer. Appellee's goods are of such character, and the circumstances relating to their sale and use are such, as appellant has pointed out, as to require the appellee to use great caution in selecting its mark for use upon them, if it wishes to indicate their origin and not to profit by confusion. It would seem that, under the circumstances, it should have adopted a mark more likely to have accomplished the purposes intended by the statute.

■ We are not here concerned with whether or not appellant's mark should have been registered. For the purposes of this proceeding we must assume that it was properly registered and is a valid

trade-mark. Revere Sugar Refinery v. Joseph G. Salvato, 48 F.(2d) 400, 18 C.C.P.A. (Patents) 1121; E. Daltroff & Cie v. V. Vivaudou, Inc., 53 F.(2d) 536, 19 C.C.P.A. (Patents) 715.

■ The Commissioner has pointed out that no actual confusion has been proved. While actual confusion is an important consideration, where proved, the issue of confusing similarity and the likelihood of resulting confusion may always be determined without resorting to any evidence of actual confusion. The Proctor & Gamble Co. v. J. L. Prescott Co., 77 F.(2d) 98, 22 C.C.P.A.(Patents) 1173.

The decision of the Commissioner of Patents is reversed.

Reversed.

GARRETT, Associate Judge, dissents, not regarding the marks as deceptively similar.