### Holt and others v. Menendez and others.

*(Circuit Court, S. D. New York. 1885.)*

1. TRADE-MARK—ARTICLE NOT MANUFACTURED BY OWNER OF MARK.
   The word "La Favorita," as applied to flour, may be a valid trade-mark although the flour is not made by the party using the trade-mark, but is selected and classified by him, such selection requiring skill, judgment, and expert knowledge.

2. SAME—LACHES—INJUNCTION—ACCOUNTING.
   When a complainant has allowed a party to go on for 14 years using his trade-mark without taking any proceedings to protect his rights, an injunction to prevent further infringement may be granted, but an accounting will not be decreed.

3. SAME—"LA FAVORITA" FLOUR.
   The right of complainants to the use of "La Favorita" as a trade-mark applied to flour sustained.

In Equity.

*S. St. J. McCutchin* and *Rowland Cox*, for complainants.

*John Henry Hull*, for defendants.

COXE, J. This is an action to restrain the infringement of a trademark. The complainants are engaged in the flour and commission business in the city of New York, under the firm name of Holt & Co. The firm was organized 40 years ago, and, with the inevitable changes wrought by time, has continued in the same business ever since. In 1861 they commenced to use, and have since continuously used, to distinguish a certain flour prepared by them, the trade-mark in question, "La Favorita." The trade-mark was registered in the patent-office, February 28, 1882.

The defendants, admitting the use of the name "La Favorita," contend that they are privileged to use it for the reason that the flour sold by them was procured from one S. Oscar Ryder, who, from 1861 to 1869, was a member of the firm of Holt & Co., and thus acquired a right to the trade-mark, which, in the absence of an express re-

·linquishment, he retained after his withdrawal from the firm. The defendants insist, also, that the use of the words "La Favorita," as a brand.for flour, did not originate with the complainants; that as they use it to distinguish flour manufactured by others, and merely selected by them, there can be nothing to support a trade-mark; and, finally, that whatever rights the complainants once had have been forfeited by inexcusable laches in asserting them.

The position that Ryder retained an interest in the trade-mark, after his connection with the firm had been severed, cannot be main-, tained. Holt & Co. was a firm of character and influence. For years it had preserved its credit and good name unshaken and unimpaired. The trade-mark "La Favorita" was originated, so far at least as the New York market was concerned, by its senior member. The brand was inseparable from and almost synonymous with Holt & Co. Whatever value it had was due to the exertions and reputation of the members of the firm. Its meaning, as a brand for flour, had been imparted to it by them. The moment its use became general it ceased to be valuable. Ryder had been a clerk, and from that position was promoted to a partnership. His retirement was an event of but little more importance than the change of a book-keeper or salesman. The firm still lived. It was the intention of the remaining partners to continue to transact the old business in the old way. That Holt & Co., desiring to retain the good-will of the firm unimpaired, should have permitted Ryder to despoil them of the distinguishing brands upon which their success largely depended, without a word of remonstrance, is hardly credible. But when to the presumptions thus arising is added the positive testimony that at the time of his withdrawal Ryder expressly released all right to the copartnership brands, followed by his equivocal denial, it is very clear that the defense based upon his title must fail. Proof and probability unite in pointing to this conclusion.

Regarding the defense of want of originality it must be said, in addition to the fact that it is not pleaded, that the evidence relied on is not free from uncertainty and doubt. But even should the finding be made that a few years before it was adopted by Holt & Co., the name "La Favorita" was used at St. Louis as a brand for flour, it must also be said that the use was casual and fortuitous and continued for a short period only. As a distinguishing brand for flour at St. Louis it was soon abandoned and forgotten.

There is no merit in the proposition that the complainants' trademark cannot be sustained for the reason that the flour is not manufactured by them. The proof is uncontradicted that selection and classification require skill, judgment, and expert knowledge, and add value and reputation to the flour when made by those in whom purchasers have confidence. The case of *Godillot* v. *Harris*, 81 N. Y. 267, seems conclusive upon this point.

Upon the question of laches, however, I am constrained to say that

the complainants' conduct has been such that the relief granted must be limited to an injunction. Ryder commenced using the brand in 1869, and has used it continuously since. That the complainants knew of this, certainly as early as 1871, is not disputed. That they protested at all is denied. Certainly there was no vigor or courage shown by them until just prior to the commencement of this suit, in 1882. That they did not consent is true, but it is equally true that, for men who believed their rights invaded, their course was inconsistent and misleading. Ryder might well have imagined that they did not intend to call him to an account. The circumstances were such as to justify the belief on his part that he was licensed by silence to use the trade-mark. It would be inequitable to compel him to pay for its use during the long years that the complainants slept upon their rights.

In endeavoring to reach a just result the court should not overlook the fact that the delay in commencing the suit was unreasonable, and that some of the evils of which the complainants complain are attributable to their own laches in this regard. The facts seem to bring the case within the doctrine of *McLean* v. *Fleming*, 96 U. S. 245.

There should be a decree in favor of the complainants for an injunction, with costs.