### EDWARD & JOHN BURKE, Limited, v. BISHOP.

(Circuit Court of Appeals, Second Circuit. March 23, 1906.)

#### No. 47.

TRADE-MARKS AND TRADE-NAMES—SUIT FOR UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

A complainant in a suit for unfair competition is not entitled to a preliminary injunction, where the real defendant, who is defending although not nominally a party, has been openly and notoriously carrying on the competition complained of for more than 10 years in the same city with complainant and with its knowledge, and no such relief has been previously asked for.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 108.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from order granting a preliminary injunction in an action for unfair competition in the sale of Guinness' stout.

H. Aaron, for appellant.
Edmund Wetmore, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The real controversy in the case is between the complainant and the firm of W. A. Ross & Co., and the bill of complaint shows this by the averments, which otherwise would be wholly irrelevant, that such firm is the importer of the competing bottled stout, is doing business at the same city with the complainant, and that the stout dealt in by defendant is purchased by him of that firm. The action is defended by W. A. Ross & Co.

Ross & Co. have been selling Guinness' stout in bottles dressed in the capsules and labels in controversy, in competition with the com-

plainant, notoriously, extensively, and under claim of right, since 1893. In 1896 the complainant brought suit in this court against the firm to enjoin such competition. After proofs had been taken in part, the complainant abandoned the further prosecution of the suit, and in February, 1901, obtained the consent of the defendants to discontinue it, and formally dismissed the action. No application for an injunction pendente lite was made. The complainant took no further proceedings against the firm. The present action was commenced in March, 1904.

Treating the case as though Ross & Co. were the defendants, it is one for the application of the rule that a party cannot invoke the stringent remedy of preliminary injunction who has been guilty of long and unexcused laches in asserting his rights. Having delayed for more than 10 years to ask for such a remedy, it is fair to assume that the complainant will not suffer material injury by being required to wait until the controversy is heard upon its merits.

It is suggested, as excusing the laches, that, as both the complainant and Ross & Co. were aliens, the former suit would have failed for want of jurisdiction. While this may be true, the suggestion does not appear to have occurred to either party while the suit was pending; but the parties contested upon the merits of the controversy, and, if complainant was really influenced by it, there was no reason why the controversy could not have been carried on in the state courts.

We are of the opinion that a preliminary injunction should not have been ordered, and the order is accordingly reversed.