## LEVER BROS. CO. v. ARMOUR & CO.

Court of Appeals of District of Columbia.

Submitted January 16, 1928. Decided February 6, 1928.

No. 2027.

1. **Trade-marks and trade-names and unfair competition** ⬤⇒3(4½)—Words "Supercream" and "Supercreamed," applied to hard soaps, held fanciful and arbitrary.

Words "Supercream" and "Supercreamed," when applied to hard soaps, *held* not descriptive, but fanciful and arbitrary.

2. **Trade-marks and trade-names and unfair competition** ⬤⇒43—User of trade-mark "Supercream" for shaving soaps may prevent registration of name "Supercreamed" for use on soap without restriction.

User of trade-mark "Supercream" on shaving soaps *held* entitled to prevent registration of name "Supercreamed" for use on soaps without restriction, names being confusingly similar.

3. **Trade-marks and trade-names and unfair competition** ⬤⇒44—Opposer to registration of trade-mark need not establish damages in order to succeed.

Opposer to registration of trade-mark is not bound to establish damages in order that it may succeed, it being sufficient to show that mark would be likely to cause confusion or mistake in mind of public.

Appeal from the Commissioner of Patents.

Application by the Lever Bros. Company for registration of trade-mark, wherein an opposition was entered by Armour & Co. Decision for the latter, and the former appeals. Affirmed.

Archibald Cox, of New York City, and W. G. Henderson, of Washington, D. C., for appellant.

G. P. Fisher, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This appeal is from a decision of the Commissioner of Patents, sustaining an opposition to the registration of a trade-mark.

The Lever Bros. Company sought to register the name "Supercreamed" as a trade-mark for soap, no particular kind or variety of soap being specified. It was stipulated into the record that applicant "had continuously used the mark of the application upon and in connection with the goods mentioned in the application since September 13, 1924, and had largely advertised the said goods bearing the said trade-mark in the manner illustrated by typical specimens filed herewith, marked Exhibits A, B, and C." These exhibits need not be reproduced here.

An opposition was entered by Armour & Co., who showed that for the past 15 years they had continuously manufactured and sold large quantities of cakes and sticks (not paste) of shaving soap under the trade-mark "Supercream." It was also shown that they had extensively advertised their product by that name.

The opposition was sustained by the Examiner of Interferences and the Commissioner of Patents, upon the ground that the words "Supercream" and "Supercreamed," as thus applied, are purely arbitrary and fanciful; that they are confusingly similar in appearance and sound; that the goods of the respective parties have the same descriptive properties; and that confusion in trade would likely result from the registration applied for, to the prejudice of opposer.

[1-3] We think the rulings entered below are right. It is not denied that opposer has established priority of time in the use of its trade-mark. We think that the words "Supercream" and "Supercreamed," when applied to hard soaps, are not descriptive, but fanciful and arbitrary. Such soaps are not made of cream, they have none of the qualities of cream, and they do not resemble cream in point of consistency or otherwise. The words in question are obviously so similar in

appearance and sound as to lead to confusion, if used as trade-marks for different kinds of soap packed and sold as hard cakes or sticks in cases or cartons. Moreover, in Waltke & Co. v. Schafer & Co., 49 App. D. C. 254, 263 F. 650, this court held that toilet soap and shaving soap or cream are related materials, and where opposer has a right to use its mark on toilet soap, it may prevent the use of it by others on shaving soap or shaving cream. To grant applicant a registration of its name for soaps without restriction would result in denying opposer the right to use its mark upon shaving soaps, the names being confusingly similar as aforesaid. Furthermore: "Opposer is not bound to establish damages in order that it may succeed. It is sufficient for it to show that the applicant's mark would be 'likely to cause confusion or mistake in the mind of the public.' * * * But where there is doubt the courts resolve it against the newcomer." Waltke & Co. v. Schafer & Co., supra; Coca-Cola Co. v. Chero-Cola Co., 51 App. D. C. 27, 273 F. 755; Guggenheim v. Cantrell & Cochrane, 56 App. D. C. 100, 10 F.(2d) 895.

The decision of the Commissioner of Patents is affirmed.