COHN & ROSENBERGER, INC., Appellant, *v.* KAUFMAN & RUDERMAN, INC., Respondent.

First Department, June 3, 1952.

*Asher Blum* of counsel (*Mock & Blum,* attorneys), for appellant.

*Morris Kirschstein* for respondent.

SHIENTAG, J. In this action for trade-mark infringement and unfair competition between two companies in the costume jewelry business, it is substantially conceded that the defendant's mark " Karu " constitutes an infringement of plaintiff's mark " Coro." The complaint was dismissed below on the basis of a finding that plaintiff's long acquiescence in defendant's use of the infringing mark created an estoppel which bars all relief. We agree that plaintiff's conduct constitutes laches and precludes any right to damages. That is no reason, however, why the defendant should be permitted to practice a deception upon the public and palm off its goods as those of the plaintiff. It is well established that laches, in the absence of elements creating an equitable estoppel, does not preclude the granting of

injunctive relief. (See *Holt* v. *Menendez,* 23 F. 869, affd. *Menendez* v. *Holt,* 128 U. S. 514, and *Columbia Records* v. *Goody,* 278 App. Div. 401.)

The record demonstrates that when the offending mark '' Karu '' was first used, it was accompanied by the corporate name of the defendant and was printed in block form, in contradistinction to plaintiff's display of its mark in script form. Over the years, defendant has gradually abandoned those distinguishing features. In the light of defendant's progressive and apparently deliberate imitation of plaintiff's mark, there is no basis for a finding of estoppel. We believe that plaintiff's legitimate interests will be protected and defendant will suffer no undue injury if defendant is prohibited from displaying its mark in a script form and is required to accompany use of its mark by its corporate name. Judgment dismissing the complaint should be reversed, with costs to the appellant, and judgment for a permanent injunction granted to the plaintiff as herein indicated. Settle order reversing inconsistent findings below and making new findings in accordance with the foregoing determination.

CALLAHAN, J. P., VAN VOORHIS, HEFFERNAN and BERGAN, JJ., concur.

Judgment dismissing the complaint unanimously reversed, with costs to the appellant, and judgment for a permanent injunction granted to the plaintiff as indicated in the opinion herein. Settle order on notice reversing inconsistent findings below and making new findings in accordance with the opinion herein.