40 C.C.P.A. (Patents)

### SPRAYED INSULATION, Inc. v. SPRAYO–FLAKE CO.

**Patent Appeals No. 5907.**

United States Court of Customs and Patent Appeals.

Dec. 17, 1952.

Harry Sommers, Newark, N. J. (Robert I. Dennison, Washington, D. C., of counsel), for appellant.

Cromwell, Greist & Warden, Chicago, Ill. (Raymond L. Greist and Fred S. Lockwood, Chicago, Ill., of counsel), for appellee.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

O'CONNELL, Judge.

This is an appeal in a cancellation proceeding from the decision of the Commissioner of Patents, acting through the Assistant Commissioner, Honorable Ernest F. Klinge, who affirmed that of the Examiner of Interferences, 90 U.S.P.Q. 139. Those concurring decisions sustained appellee's petition to cancel appellant's registration of the mark "Spraykote," issued December 24, 1946, under the Act of March 19, 1920, 41 Stat. 533, on the ground that appellant's mark was confusingly similar to the unabandoned mark "Spray-Cote," previously owned and continuously used by appellee in interstate commerce since January 28, 1943, on closely related merchandise.

There were but two issues raised by the pleadings before the tribunals of the Patent Office; namely, priority of appellee's use of its mark in interstate commerce and appellee's alleged laches, acquiescence, and delay asserted in appellant's answer as a separate and affirmative defense, appellant in said answer having expressly made the following admission:

"5. It [appellant] admits that the trade-mark alleged in the Petition to be used by the petitioner—'Spray-Cote'— is confusingly similar to registrant's trade-mark 'SprayKote,' and that the goods on which the petitioner alleges it is using the trade-mark 'Spray-Cote' are those upon which registrant's trade-mark is used are of the same descriptive properties."

Both of the parties took testimony, filed briefs, and were represented at the hearings before the examiner and the commissioner. Irrespective of the allegations of its pleadings hereinbefore described, appellant contended before the Commissioner of Patents and contends in its brief here that the following "Questions Involved and Errors to be Relied Upon," when properly considered, are determinative of the issues presented by the record. They will be dealt with in sequence.

"1. *Do the Goods of the Parties Possess the Same Descriptive Properties?*"

The record discloses that appellant's product, sold under the mark "Spraykote," consists of asbestos in a finely divided form for use in forming acoustical or heat insulation material, whereas appellee's product, sold under the mark "Spray-Cote," consists of acoustical insulation coating. It is a paint-like liquid intended for use as a coating for material similar to the use for which appellant's goods are applied.

The point in question was properly disposed of by the concurring decisions of the tribunals, as summarized in the commissioner's decision in the following statement:

"* * * Aside from the fact that respondent admitted in its answer to the petition that its goods possess the same descriptive properties as the goods of the petitioner it was the view of the examiner of interferences, that petitioner's coating composition and respondent's insulating coating composition are so nearly related as to constitute goods of the same descriptive prop-

erties. I consider the two goods closely related especially in view of the fact that companies which use the one type of goods also use the other, both are used together on the same job in connection with the same type of work, and are similarly applied."

■ It is interesting to note that appellee's petition for cancellation here in issue, as well as appellant's answer thereto, were filed in the latter part of 1949, long after the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., had gone into effect eliminating from the law of the term *"goods of the same descriptive properties."* It is no longer necessary to establish thereunder that the goods of the parties possess the same descriptive properties. Alligator Co. v. Larus & Bro. Co., Inc., 196 F.2d 532, 39 C.C.P.A., Patents, 939; Pep Boys v. Edwin F. Guth Co., 197 F.2d 527, 39 C.C.P.A., Patents, 1015; Greyhound Corp. v. Robinson Houchin Corp., 89 U.S.P.Q. 621; Robert, "The New Trade-Mark Manual," pages 58–59.

## "2. Did Appellee Establish the User Required for These Proceedings?"

■ Appellee's testimony and documentary evidence disclose that the mark "Spray-Cote" originated with appellee as early as September 1942, was first used in interstate commerce on January 28, 1943, and has been used ever since in that respect, including the year preceding the filing of appellant's application for registration on March 2, 1946, under the Act of March 1920. Since such a registration is cancellable where the registrant did not have bona fide, exclusive use of the mark during the year preceding the filing of the application, appellee had merely to establish that it was using the mark "Spray-Cote" during that period. See Old Monk Olive Oil Co. v. Southwestern Coca-Cola Bottling Co., 118 F.2d 1015, 28 C.C.P.A., Patents, 1091; Servel, Inc., v. Universal Slide Fastener Co., Inc., 57 U.S.P.Q. 330; Snow-white Garment Mfg. Co. v. Burlington Mills, Inc., 77 U.S.P.Q. 661. The record

fully supports the position of the tribunals of the Patent Office established by the excerpt from the decision of the commissioner in the following language:

"In regard to the merits of the petition for cancelation the evidence submitted by petitioner and the testimony of its witness Fisher establish beyond any reasonable doubt that petitioner sold its 'Spray-Cote' product during the year 1943, long prior to the earliest date of use established by the respondent, and that such sales have continued up to the time of the present proceeding [July 13, 1951]."

## "3. Is the Appellee Barred in These Proceedings by Laches, Acquiescence and Delay?"

■ Appellant pleaded the equitable defense of laches and was obliged therefore to prove not only that the alleged laches was accompanied by the element of estoppel but also fix the date at which appellee first learned of appellant's infringement. Tornello v. Deligiannis Brothers, 7 Cir., 180 F.2d 553, 556; Speed Products Co., Inc., v. Tinnerman Products, Inc., D.C., 93 U.S.P.Q. 193, 202; and Cohn & Rosenberger, Inc. v. Kaufman & Ruderman, Inc., 280 App.Div. 241, 113 N.Y.S.2d 62. The following finding was approved by the commissioner and is here approved:

"The equitable principle of laches relates to the lack of diligence in enforcing a right against an infringer thereof; and for this principle to be applicable, it therefore must appear, in the first instance, that the party charged with laches failed to exercise such diligence following notice, actual or constructive, of the facts creating his cause of action. West Disinfecting Co. v. Owen;[1] R. C. Williams & Co. Inc., v. Gordon, 76 U.S.P.Q. 67. In the present case, it is the respondent's contention that the petitioner had constructive, if not actual, notice of the respondent's use of the mark 'Spraykote' for several years prior to the filing of

1. West Disinfecting Co. v. Cliff C. Owen, 165 F.2d 450, 35 C.C.P.A., Patents, 843.
200 F.2d—45

706

the instant cancellation proceeding on September 14, 1949, because of the respondent's asserted extensive sales and advertising of goods bearing that mark since about 1944. It has not been made to appear as a fact, however, that the petitioner had actual notice of respondent's use of the mark 'Spraykote' at any time prior to March 15, 1949, when the registration here in question was cited as a reference against the petitioner's application for registration of the mark 'Spray-Cote.' Nor, in the opinion of the examiner, has it sufficiently been made to appear that the respondent's sales and advertising of its goods under the mark 'Spraykote' were of such nature and extent as to have come to the attention of the petitioner in the ordinary course of its business. * * *"

█ Appellant makes the fourth point that appellee's petition for cancellation should have been dismissed for lack of proof on its part of damage or actual confusion in trade. However, as properly indicated below, injury to the owner of a previously registered unabandoned, mark will be presumed to follow the subsequent registration of a confusingly similar mark for related goods. American Cyanamid Co. v. Synthetic Nitrogen Prod. Corp., 58 F.2d 834, 19 C.C.P.A., Patents, 1235; Lever Bros. Co. v. Armour & Co., 58 App.D.C. 20, 24 F.2d 285; American Thread Co. v. L. Copley-Smith & Sons, Ltd., 76 U.S.P.Q. 128.

Appellant's fifth and final contention is that the decision of this court in White Company v. Vita-Var Corporation, 182 F.2d 217, 37 C.C.P.A., Patents, 1039, is a binding and controlling precedent for appellant in the present case. The point is without merit and was held to be so by the tribunals of the Patent Office for the obvious reason that the two cases are essentially different from both a factual and legal viewpoint.

For the reasons hereinbefore stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.