Morris Eder, J.
In this action for trade-mark infringement and unfair competition plaintiff moves for a temporary injunction restraining defendant from using the word “ Living ” as a trade-mark or trade name in simulation of plaintiff’s trademark “ Living ” on any advertising material, packages, labels, etc., and marketing, distributing or selling any products bearing such trade-mark.
Plaintiff has established prior use of that trade-mark registered in connection with girdles, brassieres and latex gloves manufactured by it. It is undisputed that vast sums were expended in advertising these products sold in the millions, indicating the use of the word “ Living ” in conjunction with the principal trade-mark of plaintiff, “ Playtex.” Plaintiff also states that it has for several years conducted at great expense product research and market study with regard to the contemplated production of ladies’ cosmetics; that it applied in December, 1954, for registration of “ Living ” in the cosmetics class; and that it subsequently prepared advertising material for national promotion of cosmetic creams to be sold under that trade-mark, when it learned in June, 1955, of defendant’s use of “ Living Lipstick ” for its new line of lipsticks. Defendant, it appears, registered that trade-mark in April, 1955, and subsequently engaged in widespread advertising and substantial production of that line of lipsticks. Plaintiff claims that it delayed introducing its cosmetic creams because of defendant’s infringing use of the trade-mark, while protesting and demanding a cessation of such use; and that these motion papers were served when its demand was finally rejected.
Defendant urges that its exhibits show that the word ‘ ‘ Living ’ ’, a common English word, has been similarly used in other industries, and that plaintiff itself used it only descriptively despite its registration as a trade-mark. Plaintiff admits that the word may be used descriptively by anyone in fair, good-faith advertising free of connotation as a trade name or trademark, but that defendant’s use has clearly been one of trademarking, rather than merely describing, its new line of lipsticks. Neither party has used the word alone as a distinctive trademark but in conjunction with other names and marks. The question is not free from doubt on this presentation.
The right to injunctive relief, as plaintiff properly points out, has been extended by' the courts even where there is no competition between the parties and no confusion as to the source of the goods. Subdivision 3 of section 368-c of the General Business Law, which is declaratory of the present trend in the law, authorizes such relief where there is ‘ ‘ Likelihood of injury *489 to business reputation or of dilution of the distinctive quality of a trade name or trade-mark ’ ’. On these papers there would appear to be no serious danger of confusion to the public or injury to plaintiff’s reputation in defendant’s advertising and sale of “ Living Lipsticks by Eevlon ”; nor is it seriously maintained that they are in competition with plaintiff’s present products. Arguments addressed to the competitive aspect with relation to plaintiff’s projected cosmetics line should, it seems to me, be reserved for the trial court which, on a full view of all pertinent facts, will be in a better position to evaluate the proof. That leaves “ dilution of the distinctive quality ” of the trade-mark or, as it has been described, ' ‘ the whittling away of its uniqueness, ’ ’ whenever another, however fine his product and substantial his reputation, appropriates the trade-mark.
Injunctive relief is permissible if the case falls within any one of the above categories, but a proper showing of need and desirability must still be made to invoke it. This is especially true of the drastic remedy of a temporary injunction. Upon such an application it is necessary to balance the interests of the parties, to determine whether a plaintiff’s right to and need for a preliminary order in advance of the trial outweighs the damage which this may cause a defendant who may ultimately prevail.
Balancing the interests here involved, the court finds that plaintiff did not promptly proceed with action upon learning in June of “Living Lipstick ” but tried for months to obtain voluntary cessation of use. A short delay now is not inconsistent with the position it itself took; certainly no immediate necessity for haste appears on such a showing. Defendant has spent large sums of money and its production, advertising and sale of this product must necessarily be so interwoven that, even assuming some relief were to be granted plaintiff, proof directed to the conditions and timing thereof would have to be given and considered. On a comprehensive view of all factors defendant is held entitled to a trial where all issues may be fully explored. No prejudice to plaintiff can result, it seems to me, if the motion is denied, with the choice given it to have an early trial. Defendant’s financial responsibility for any damage accruing to plaintiff is not disputed.
The motion is accordingly denied with leave to plaintiff to obtain an early trial by providing for same in the order to be settled hereon. Settle order.