**STIX PRODUCTS, INC., Plaintiff,**

v.

**UNITED MERCHANTS & MANUFACTURERS INC., Defendant,**

v.

**The FIRESTONE TIRE AND RUBBER COMPANY, Counterclaim Defendant.**

**No. 62 Civ. 814.**

United States District Court
S. D. New York.

July 3, 1967.

Pennie, Edmonds, Morton, Taylor & Adams, New York City, for plaintiff and counterclaim defendant, Charles J. Brown, New York City, of counsel.

Kenyon & Kenyon, New York City, for defendant, Edward A. Ruestow, John A. Reilly, William J. Ungvarsky, New York City, of counsel.

PALMIERI, District Judge.

This is a motion by defendant United Merchants & Manufacturers Inc. (United) for a preliminary injunction in an action begun over five years ago, in which the plaintiff seeks a declaratory judgment that the word "contact" as used by it in the marketing of its goods is lawful and does not infringe the defendant's registered trademark "CONTACT". United has counterclaimed for trademark infringement, unfair competition and dilution. The goods in question consist of rolls of self-adhesive plastic material used to cover shelves, tables, and other surfaces, and there is vigorous

competition between the parties in the sale of such goods.

The central issue in the case appears to be whether plaintiff's use of the word "contact" as an adjective or noun in the advertised descriptions of its products carrying other brand names is an appropriate descriptive use for this general class of goods, without causing confusion as to source, or whether the word "contact" has acquired such distinctiveness from the trademark "CON-TACT" that the public associates the word with the defendant.

In February 1963, plaintiff's motion for summary judgment was denied by Judge Levet of this Court on the ground that the question of confusion could not be resolved as a matter of law. Since that time extensive pretrial activity has taken place and in October 1966 the case was placed at the head of the non-jury calendar for the October 1967 term. It is expected that a trial will be held in October, about three months hence.

The defendant's motion must be denied. The defendant has clearly failed to meet its burden of convincing this Court "with reasonable certainty" that it "must succeed at final hearing." Hall Signal Co. v. General Ry. Signal Co., 153 F. 907, 908 (2d Cir. 1907), quoted with approval in H. E. Fletcher Co. v. Rock of Ages Corporation, 326 F.2d 13 (2d Cir. 1963). Indeed the nature of the goods sold and the manner in which the word "contact" has been used by plaintiff appear to indicate that there has been considerable doubt with respect to the outcome of the case. The plaintiff may well be able to prove that contact paper, a colloquialism for the merchandise in question, has become part of the public domain, like aspirin (Bayer Co. v. United Drug Co., 272 F. 505 (S.D.N.Y. 1921), cellophane (Du Pont Cellophane Co. v. Waxed Products Co., 85 F.2d 75 (2d Cir. 1936)), and thermos bottle (King-Seeley Thermos Co. v. Alladin Industries, Inc., 321 F.2d 577 (2d Cir. 1963)). Additionally, there has been an insufficient showing of irreparable damage to the defendant in the event of de-

nial of injunctive relief, while there has been a persuasive showing of irreparable damage to plaintiff in the event that injunctive relief is granted.

Lastly, and most importantly, there must be a denial of defendant's motion as a matter of discretion, in view of the long delay of over five years since suit was begun. See Gillette Company v. Ed Pinaud Inc., 178 F.Supp. 618 (S.D.N.Y. 1959), and cases there cited. Far from being a flagrant or fraudulent violation of trademark rights, the issue presented here is highly controversial and seriously debatable. The central issue has not changed during the long period since the suit was begun. Defendant urges that only in April 1967 did it become "suddenly * * * clear * * * for the first time" that plaintiff was using the word "contact" in an exacerbated fashion and with intent to destroy defendant's trademark. This argument is unpersuasive and lacks substantiation in the voluminous record before this Court. The granting of the drastic remedy of preliminary injunction sought by the defendant on the eve of trial in this long pending case would be a manifest injustice.

Motion denied. It is so ordered.