NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DESIROUS PARTIES UNLIMITED, INC., a Texas corporation, | Nos. 22-16530 22-16885 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:21-cv-01838-GMN-BNW |
| RIGHT CONNECTION, INC., a Nevada corporation; DON HUGHES, an individual, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted June 6, 2023[**]
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and CHRISTENSEN,[***] District Judge.

Defendant-Appellants Right Connection, Inc., and Don Hughes appeal the

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

district court's grant of a preliminary injunction in favor of Plaintiff-Appellee Desirous Parties Unlimited, Inc., and subsequent finding of contempt for violations of the preliminary injunction. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). Reviewing for abuse of discretion, *see Chamber of Com. of the U.S. v. Bonta*, 62 F.4th 473, 481 (9th Cir. 2023) (citing *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020)); *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995), we affirm.

The district court did not abuse its discretion in entering the preliminary injunction and imposing a $15,000.00 bond. A district court abuses its discretion if its decision is based on an erroneous legal standard or clearly erroneous factual findings. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1096 (9th Cir. 2008). Appellants argue that the district court erred by granting a preliminary injunction that upset the *status quo ante litem*. We conclude that the *status quo ante litem* was Appellee's exclusive right to use the relevant trademark in commerce, and it was appropriately protected by the entry of the preliminary injunction.

Next, Appellants argue that the entry of the preliminary injunction was an abuse of discretion because there was an unreasonable delay between Appellee learning of the alleged infringement and filing its motion for preliminary injunction. A portion of the delay resulted from reasonable pre-litigation

2

communication. The remaining delay does not warrant denial of the preliminary injunction in light of the other factors weighing in favor of the injunction, especially the fact that there were ongoing, worsening injuries. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) (explaining that courts are "loath to withhold relief solely on" the basis of a delay and "such tardiness is not particularly probative in the context of ongoing, worsening injuries"). Finally, to the extent Appellants argue the district court's own delay in granting the preliminary injunction should be considered as evidence against Appellee, we reject this argument. Appellants provide no support for this contention, and any delay by the district court is not indicative of Appellee "sleeping on its rights" or "the lack of need for speedy action" on Appellee's part. *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (quoting *Gillette Co. v. Ed Pinaud, Inc.*, 178 F. Supp. 618, 622 (S.D.N.Y. 1959)).

We discern no clearly erroneous finding of fact or erroneous application of law in the district court's conclusions that (1) Appellee was likely to succeed on the merits of its trademark infringement claim, (2) Appellee would suffer irreparable harm, (3) the balance of equities did not weigh in favor of either party, and (4) it was in the public interest to enter a preliminary injunction. Specifically, the district court did not abuse its discretion in determining that Appellee was likely the sole owner of the mark. The first use of the mark in commerce, in a

3

November 2017 advertisement, identified Appellee as the source because it described the event as "Presented by DesirousParty.com." The record reveals only that the parties worked together on events, not as joint owners of a trademark. Additionally, Appellants failed to rebut the presumption of irreparable harm in light of the district court's finding that there was a likelihood of success on the merits. Appellants' challenge to the amount of the bond imposed likewise has no merit.

The district court did not err in finding that Appellants violated the preliminary injunction, holding Appellants in contempt, and issuing sanctions of $5,000.00 per day until Appellants cure their contempt. First, Appellants argue that the district court denied Appellants due process by failing to provide fair notice and an opportunity to respond to the argument that Appellants' "dv" Logo violated the preliminary injunction. Contrary to Appellants' characterization, the "dv" Logo argument was first raised in Appellee's Motion to Enforce, and Appellants responded to the contention that their use of the "dv" Logo was prohibited in their Opposition Brief to the Motion to Enforce. Any evidence subsequently offered by Appellee on this issue constituted rebuttal evidence that the district court appropriately considered.

Appellants next argue that the contempt finding was an abuse of discretion because the preliminary injunction failed to provide specific and definite terms and

4

the district court failed to provide a sufficient factual basis for its finding. We are satisfied that the terms of the preliminary injunction were sufficiently specific and definite, given the totality of the circumstances, to provide Appellants with adequate notice that their actions violated the preliminary injunction. Furthermore, it was unreasonable for Appellants to conclude that their actions complied with the terms of the preliminary injunction. The district court's finding of the likelihood of confusion between the "dv" Logo and Dirty Vibes trademark is supported by the record. Given Appellants' contempt, the district court had the discretion to award Appellee attorney's fees. *See Harcourt Brace Jovanovich Legal & Pro. Publ'ns, Inc. v. Multistate Legal Stud., Inc.*, 26 F.3d 948, 953 (9th Cir. 1994).

Finally, Appellants argue that the district court erred in ordering Appellants to pay Appellee $5,000.00 per day until their contempt is cured. Appellants failed to raise the issue of their ability to pay the sanction before the district court. Appellants did not preserve this issue for appeal, and we decline to consider it in the first instance. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989) (explaining that we "will not consider arguments that are not 'properly raise[d]'" (quoting *Rothman v. Hosp. Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975))).

**AFFIRMED.**